**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMERICAN INTER-FIDELITY EXCHANGE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:18-cv-4604 |
| EVAN HODGE, AV CARRIERS, INC., and RAYMUNDO IBARRA, | ) ) ) | |
| Defendants. | ) ) ) | |

_____

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff AMERICAN INTER-FIDELITY EXCHANGE ("AIFE"), by and through its attorneys, BatesCarey LLP, brings this Complaint for Declaratory Judgment against EVAN HODGE, AV CARRIERS, INC., and RAYMUNDO IBARRA.  In support thereof, AIFE alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for declaratory judgment, brought pursuant to 28 U.S.C. §§ 2201 and 2202, for the purpose of determining AIFE's rights and legal obligations under a truckers' auto liability policy (the "AIFE Policy") issued by AIFE to AV Carriers, Inc. ("AV Carriers").

2.      In this action, AIFE seeks a declaration that it owes no insurance obligations under the AIFE Policy in connection with an automotive accident occurring on November 27, 2017.

**PARTIES**

3.      AIFE is a reciprocal insurer organized and existing under the laws of the State of Indiana, with its principal place of business located in Merrillville, Indiana.

4.     Upon information and belief, Evan Hodge is a citizen of California residing in San Bernardino County, California.

5.     Upon information and belief, AV Carriers is a corporation organized under the laws of the State of Illinois, with its principal place of business in Burr Ridge, Illinois.  AIFE seeks no separate relief or judgment against AV Carriers but, rather, seeks only to bind it to the outcome of this lawsuit, and will dismiss it from this lawsuit to the extent it agrees to be bound by any coverage determination made in this lawsuit.

6.     Upon information and belief, Raymundo Ibarra ("Ibarra") is a citizen of California residing in San Bernardino County, California.  Ibarra is named herein solely to the extent he may be deemed a necessary party.  AIFE seeks no separate relief or judgment against Ibarra but, rather, seeks only to bind him to the outcome of this lawsuit, and will dismiss him from this lawsuit to the extent he agrees to be bound by any coverage determination made in this lawsuit.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202, insofar as AIFE seeks a declaration of its rights and duties under the AIFE Policy.  AIFE seeks a declaration of the rights and obligations of the parties under the AIFE Policy, as an actual controversy exists with respect to coverage thereunder.

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as complete diversity exists between the Plaintiff and the Defendants, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9.     This Court has personal jurisdiction over AV Carriers because AV Carriers operates a trucking business in this Judicial District.  This Court has personal jurisdiction over Hodge and Ibarra because they each entered into contracts with AV Carriers in this Judicial

2

District, they submit paperwork to AV Carriers in this Judicial District to obtain payment for their services, and AV Carriers issues payment to them for their services from this Judicial District.

10.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because one of the Defendants (AV Carriers) is domiciled in this Judicial District, the AIFE Policy at issue was issued and delivered to AV Carriers in this Judicial District, and the last act giving rise to the formation of the AIFE Policy occurred in this Judicial District.

## THE AIFE POLICY

11.     AIFE issued Truckers Policy – Auto Liability Policy No. L17A1041 to AV Carriers for the period of June 1, 2017 through June 1, 2018 (the "AIFE Policy"), with a $1,000,000 limit of liability, subject to a $1,500 per occurrence deductible.  A true and correct copy of the AIFE Policy as it exists in AIFE's files is attached hereto as Exhibit A.

12.     AIFE delivered the AIFE Policy to AV Carriers at AV Carriers' Burr Ridge, Illinois office.

13.     The AIFE Policy provides that AIFE "will pay . . . on behalf of the Named Insured [AV Carriers], all sums legally owed by an 'Insured' because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'Accident' and resulting from the ownership, maintenance or use of a covered 'auto.'"  (Exhibit A, p. 8, Part Four, § 1).

14.     The AIFE Policy contains the following exclusion to coverage:

**PART SIX**
**EXCLUSIONS**

**This insurance does not apply to any of the following:**

*        *        *

3.  "Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow employee's employment or while performing duties related to the conduct of your business.

3

(Exhibit A, p. 10).

15.     The AIFE Policy defines "Employee" as follows:

> 6.  "Employee" includes a leased worker.  "Employee" does not include
>     a temporary worker.

(Exhibit A, p. 5).

## HODGE'S EMPLOYMENT WITH AV CARRIERS

16.     On or around December 17, 2013, Hodge submitted a document entitled "Application for Employment" to AV Carriers.  Attached to this Application for Employment were two documents entitled "Employment Record."  Hodge signed the two Employment Records on or around December 17, 2013.  A true and correct copy of the Application for Employment and the Employment Records are attached hereto as Exhibit B.

17.     As part of the employment application process, AV Carriers provided Hodge with a document entitled "Work Rules, AV CARRIERS INC, Inc." ("Work Rules").  Hodge acknowledged receipt of the Work Rules by executing a document entitled "Receipt for Work Rules" ("Receipt") on December 17, 2013.  A true and correct copy of the Work Rules and Receipt are attached hereto as Exhibit C.

18.     The Work Rules set forth certain conduct requirements and associated penalties for violating the requirements.  For example, the Work Rules included the following:

| | | |
|---|---|---|
| A.  Use or possession of drugs or alcohol Beverage while on duty or on company property | | Discharge |
| * | * | * |
| C.  Discourtesy to customers. | | Discharge |
| * | * | * |
| E.  Failure to follow order of dispatch or supervisor | | 1st occurrence – Subject to Discharge |

Exhibit C.

4

19.     The Work Rules also provided that "[a]ll new drivers for the first month are employed on probation job until their work Conducts [sic] are evaluated and is satisfactory with AV Carriers, Inc." Exhibit C.

20.     On December 17, 2013, Hodge signed a document entitled "UPDATED POLICY OF AV CARRIERS, INC." ("Updated Policy"). This Updated Policy set forth certain rules relating to the use of hand-held mobile telephones by drivers and provided that a violation of these rules "would result in a fine of $1,000.00 and termination of my employment at AV Carriers." A true and correct copy of the Updated Policy is attached hereto as Exhibit D.

21.     On December 17, 2013, Hodge signed a document entitled "IMPORTANT NOTICE Regarding Background Reports From The PSP Online Services" ("Important Notice"). That document referred to AV Carriers as Hodge's "Prospective Employer." A true and correct copy of the Important Notice is attached hereto as Exhibit E.

22.     Shortly after Hodge submitted his Application for Employment and other paperwork to AV Carriers, AV Carriers hired Hodge as an employee.

23.     AV Carriers provided commercial vehicles, including trucks, tractors, and/or trailers, to Hodge for him to drive on behalf of AV Carriers.

24.     AV Carriers owned and/or leased the vehicles that it provided to Hodge.

25.     AV Carriers selected the destinations where Hodge was to drive the vehicles.

26.     AV Carriers selected the contents of the vehicles that Hodge drove.

27.     AV Carriers required Hodge to complete trip sheets, daily vehicle inspection reports, and other documentation.

28.     AV Carriers required Hodge to follow the orders of its dispatchers and/or supervisors.

29.     AV Carriers had the right to manage the manner in which Hodge performed his duties as a driver for AV Carriers.

30.     AV Carriers had the right to discharge Hodge as a driver for AV Carriers.

## THE UNDERLYING CLAIM

31.     On information and belief, on and around November 27, 2017, Hodge and Ibarra were both co-drivers engaged in the operation of a semi-truck owned by AV Carriers (the "AV Carriers truck") in furtherance of AV Carriers' business operations.

32.     On information and belief, Hodge and Ibarra each took turns driving the AV Carriers truck, while the other rode in the passenger seat or rested in the cabin of the AV Carriers truck.

33.     On information and belief, at approximately 2:25 a.m. on November 27, 2017, Ibarra was driving the AV Carriers truck on State Road 93 in Columbia County, Florida, while Hodge was also in the cabin.

34.     On information and belief, at the aforesaid time and place, Ibarra caused the AV Carriers truck to collide with another vehicle (hereinafter "the Accident").

35.     Hodge alleges that he was injured in the Accident.

36.     On January 8, 2018, AIFE advised counsel for Hodge that the AIFE Policy does not provide coverage in connection with Hodge's alleged injuries resulting from the Accident.

37.     On June 13, 2018, Hodge, through counsel, stated that he intends to make a claim against AV Carriers and that the AIFE Policy would provide coverage.  Hodge demanded that AIFE pay its policy limits to Hodge ("the Underlying Claim").

38.     AIFE disagrees that the AIFE Policy provides coverage.

39.     Accordingly, an actual controversy exists between AIFE and Hodge as to whether the AIFE Policy covers any liability for his bodily injuries.

### COUNT I – DECLARATORY JUDGMENT:
### COVERAGE EXCLUDED FOR LIABILITY
### <u>ON ACCOUNT OF BODILY INJURY TO AN EMPLOYEE</u>

40.     AIFE re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

41.     The AIFE Policy excludes coverage for "'Bodily injury' to any fellow 'employee' of [of AV Carriers] arising out of and in the course of the fellow employee's employment or while performing the duties related to the conduct of [AV Carriers'] business."   (Exhibit A, p. 10, Part Six, § 3).

42.     The term "employee," as defined by the AIFE Policy, includes a leased worker.

43.     At the time of the Accident, Hodge was AV Carriers' employee.

44.     Alternatively, at the time of the Accident, Hodge was AV Carriers' leased worker.

45.     Hodge's bodily injuries arose out of and in the course of his employment with AV Carriers or while he was performing duties related to the conduct of AV Carriers' business.

46.     Therefore, the AIFE Policy does not provide coverage in connection with the bodily injuries sustained by Hodge.

WHEREFORE, AIFE prays that this Court enter judgment in its favor and against Hodge, declaring that AIFE has no obligation in connection with the Underlying Claim, and granting AIFE any other and further relief deemed just and appropriate.


Dated July 3, 2018                                   Respectfully submitted,

                                                     **AMERICAN INTER-FIDELITY EXCHANGE**


                                                     By:  /s/  Mark G. Sheridan

7

Mark G. Sheridan (No. 6207803)
Andrew S. Chestnut (No. 6312527)
**BatesCarey LLP**
191 North Wacker, Suite 2400
Chicago, IL 60606
Ph: 312.762.3100
Fax: 312.762.3200
msheridan@batescarey.com
achestnut@batescarey.com

1992530.1